MICHAEL L. TRACY, ESQ., SBN 237779
MTRACY@MICHAELTRACYLAW.COM
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA  92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff Dylan Louros

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| DYLAN LOUROS, AN INDIVIDUAL;<br><br>Plaintiff,<br><br>vs.<br><br>CODE 4 MEDIA GROUP, INC., A CALIFORNIA CORPORATION; KEVIN ELLIOTT, AN INDIVIDUAL; ,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA,   AND UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DYLAN LOUROS, alleges:

## JURISDICTION

1.     This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

2.     This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a).  The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay was willful.  The failure to provide proper pay check stubs is also directly related to the FLSA claims because Plaintiff is alleging that the pay check stubs are inaccurate because they did not list the overtime required by the

-1-
COMPLAINT FOR LABOR VIOLATIONS

FLSA.  The waiting time penalty claim is directly related to whether the failure to pay overtime required by the FLSA was willful.  As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

## VENUE

3. This Court is the proper court and this action is properly filed in the County of Orange and in this judicial district because Defendants do business in the County of Orange, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Orange is the subject of this action.

## PARTIES

4. Plaintiff DYLAN LOUROS ("LOUROS") was employed by Defendant from January 1, 2013 through July 31, 2014.

5. Defendant CODE 4 MEDIA GROUP, INC. ("CODE4") is a California Corporation doing business in the County of Orange, State of California.

6. Defendant KEVIN ELLIOTT ("ELLIOT") is an Individual doing business in the County of Orange, State of California.

## GENERAL ALLEGATIONS

7. LOUROS worked from CODE4 as a "Project Manager."

8. He was paid a salary of $40,000 and not paid any overtime.

9. He performed routine installation tasks related to installations of performance stages and outdoor displays.

10. LOUROS typically worked 10 hour days 6 days a week, but occasionally worked more.

11. LOUROS sometimes would record his time on a company provided timesheet.

12. For instance, LOUROS submitted a timesheet to the company for the period 5/1/14 – 6/1/14.  This timesheet shows numerous overtime hours.

-2-
COMPLAINT FOR LABOR VIOLATIONS

13. LOUROS submitted a timesheet showing he started work at 8am on 5/1/14 and worked through to 1am the next day – while only taking a 1 hour break.

14. His timesheet then shows that he was back at 8am on 5/2/14 and worked through to 6:30PM, also with a 1hr break.

15. LOUROS was also denied the ability to take breaks, and these are also documented on some of his timesheets. For instance on 6/1/14 he worked from 6AM to 4PM was denied the ability to take any breaks.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE
## (AGAINST CODE4 )

16. Plaintiff refers to and incorporate by reference Paragraphs 1 through 15.

17. This cause of action is brought against CODE4 .

18. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) hours on the seventh consecutive work day in a week.

19. Plaintiff worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

20. Plaintiff was entitled to the above overtime premiums.

21. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

22. Defendants did not pay Plaintiff premium wages of at least one and one-

half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

23. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

24. Plaintiff LOUROS worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

25. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

26. As a proximate result of Defendants' violations, Plaintiff LOUROS has been damaged in an amount in excess of $47,473 and subject to proof at time of trial.

27. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11040, Plaintiff LOUROS is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER LABOR CODE SECTION 226

## (AGAINST CODE4 )

28. Plaintiff refers to and incorporate by reference Paragraphs 1 through 27.

29. This cause of action is brought against CODE4 .

30. Pursuant to Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

31. Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

32. Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

33. Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

34. Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

### THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203

### (AGAINST CODE4 )

35. Plaintiff refers to and incorporates by reference Paragraphs 1 through 34.

36. This cause of action is brought against CODE4 .

37. Plaintiff's employment with Defendants was terminated on or about July 31, 2014.

38. Defendants willfully refused and continue to refuse to pay Plaintiff LOUROS unpaid wages as required by Labor Code § 203.  Defendants know that the pay is due and are refusing to pay it.

39. Plaintiff LOUROS requests damages and penalties as provided by Labor Code § 203 in the amount of $4,615 and subject to proof at time of trial.

### FOURTH CAUSE OF ACTION

### OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207

### and § 216 (AGAINST ALL DEFENDANTS)

40. Plaintiff refers to and incorporates by reference Paragraphs 1 through 39.

41. This cause of action is against all Defendants, jointly and individually.

42. Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. § 207(a) and § 216(b),  Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of  pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

43. Plaintiff worked numerous weeks in excess of forty (40) hours.

44. Plaintiff was entitled to the above overtime premiums.

45. Defendants failed to compensate Plaintiff for any overtime premiums.

46. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

47. Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

48. Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

49. Plaintiff used equipment on the job that had previously been transported in interstate commerce.

50. Defendant CODE4 was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

51. Defendant CODE4 was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

52. Defendant CODE4 conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

53. Defendant CODE4 employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed. These employees were engaged in commerce and regularly used equipment that had been transported in interstate commerce.

54. Defendant ELLIOT was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act. ELLIOT was a corporate officer and/or agent of CODE4. ELLIOT acted both directly and indirectly in the interest of CODE4, as it related to Plaintiff's employment and payment of wages.

55. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

56. Plaintiff prays for judgment for overtime pay of $47,473. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

57. Plaintiff prays for judgment for liquidated damages in the amount of $47,473. This amount is supplemental to the relief requested in all other causes of action.

58. Plaintiff prays for costs and attorney's fees.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

## (AGAINST CODE4 )

59. Plaintiff refers to and incorporates by reference Paragraphs 1 through 58.

60. This cause of action is brought against CODE4 .

61. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

62. By failing to provide adequate meal and rest breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

63. Plaintiff LOUROS prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff LOUROS in an amount in excess of $47,473 and subject to proof at trial.

2. For liquidated damages in the amount in excess of $47,473 and subject to proof at trial.

3. Damages for meal premiums not paid to Plaintiff LOUROS in an amount subject to proof at trial.

4. For damages and penalties under Labor Code § 226 for Plaintiff LOUROS in an amount subject to proof at trial.

5. For penalties and damages pursuant to Labor Code § 203 for Plaintiff LOUROS in an amount of $4,615 and subject to proof at trial.

6. For restitution and disgorgement for all unfair business practices against Plaintiff LOUROS in an amount subject to proof at trial.

7. For prejudgment and post judgment interest.

8. Cost of suit.

9. Attorneys' fees.

10. For such other and further relief as the court may deem proper.

DATED: October 22, 2014          LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff
Dylan Louros

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: October 22, 2014          LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff
Dylan Louros

-8-
COMPLAINT FOR LABOR VIOLATIONS